6    73
e113 577

## LITTLEBURG WRIGHT *v.* P. B. ROUSSELLE.

A creditor had caused certain property of his debtor to be seized on executory process, the sale of which was enjoined, upon the ground of the want of proper notice of seizure and a defective advertisement. The injunction was dissolved by the district court, and an appeal taken to the Supreme Court. Pending the appeal, the creditor ordered the sheriff to return the process, and issued a new order of seizure and sale, which was also enjoined on account of the pendency'of the appeal on the first injunction. *Held:* That as the only questions involved in the first injunction related to the regularity of the proceedings, the creditor might legally abandon those proceedings and issue new process, and that the appeal would still remain to determine the question of· damages.

APPEAL from the District Court of Terrebonne, *Randall,* J. *John H. Ilsley,* for plaintiff. *J. C.* and *A. Beatty,* for defendant. The judgment of the court was pronounced by

EUSTIS, C. J. This appeal is taken by the plaintiff from a judgment of the Court of the Fifth Judicial District, by which he and his surety on an injunction bond were condemned to pay· damages ·on the dissolution of an injunction obtained by him, which was also decreed by the judgment. The litigation between these parties has given rise to three appeals to this court. The second is found reported in 5th Ann. 126.

In that case, the plaintiff complained that he was not properly notified of a seizure made of his land under certain executory proceedings, and that it was advertised for sale under a defective description; and obtained an order of the court of the first instance, enjoining the sheriff and the seizing creditor from proceeding to make the sale of said land. This injunction was dissolved; but on the appeal, this court reversed the judgment of the court below, and remanded the case for further proceedings.

After this appeal was taken, and the bond of the appellant filed, the seizing creditor ordered the sheriff to return his writ of seizure and sale; which he did, and stated in his return that the proceedings for the sale of the land were stopped by the injunction issued as before mentioned. He then caused to be issued an *alias* writ of seizure and sale, and the plaintiff applied to the court for a stay of those proceedings, and obtained an injunction, on the ground of the pendency of the appeal.

The only question which is presented for the decision of the court is, whether the plaintiff's appeal was a legal impediment to the subsequent proceedings of the creditor by executory process. The matter at ·issue in the case in which the appeal was pending when the *alias* writ was issued, was as to the regularity of the proceedings under the executory process in the notice required to be given to the debtor, and the advertisement of the land seized. The injunction was against further proceedings, on the ground that the sale under them would be illegal and injurious to the debtor. The return of the writ terminated all action under the process then issued. But the statute, obliging courts to award

WRIGHT
*v.*
ROUSSELLE.

damages on the dissolution of injunctions of executions, and the right of parties to their appeal, necessarily kept open for decision, the question as to the regularity of the proceedings by which the land was to be sold, inasmuch as the damages to be awarded against the principal and surety would be dependant on that decision.

We do not consider the appeal involving the mere regularity of the proceedings of seizure and sale as affecting any other remedies which the creditor had for the recovery of his debt. The security given on the appeal did not cover any part of the original debt; it was only for the debt created by wrongfully executing the proceedings of the creditor. We have examined all the authorities which the counsel for the plaintiff has submitted to us in an elaborate and well prepared written argument, but we do not find any decision which conflicts with the view we have taken of the subject. On principle, we would be at a loss for any reason by which the right of the creditor to exercise any legal remedy for the recovery of his debt could be held to be suspended by an appeal on a matter purely incidental, and not inconsistent with the remedy which he seeks to enforce.

The judgment of the district court is therefore affirmed, with costs.