PROVOSTY, J.
The Houssiere-Latreille Oil Company brought a possessory action, and coupled with it an injunction to prevent the defendant in the suit, the Jennings-Heywood Oil Syndicate, from trespassing upon or interfering with the property in controversy, a certain 40-acre tract of land described by metes and bounds. The Jennings-Heywood Oil Syndicate answered that it was lawfully in possession of the property under an oil and mineral lease granted by plaintiff’s author, which had been duly recorded before the transfer of the property to plaintiff. The case came to trial, and was decided against plaintiff, and the injunction was dissolved. Plaintiff took a suspensive appeal, which is now pending in this court.
This appeal had the effect of maintaining the injunction in full force. After it had been perfected, the plaintiff drilled an oil well and “brought in’ an oil gusher on the land, and began to appropriate the oil. Thereupon the defendant, the Jennings-Heywood Oil Syndicate, filed a suit in the same court alleging the above facts, and praying that the court ex officio order the judicial sequestration of the oil until the decision of the appealed suit, and the court made an orc^er. accordingly.
The Houssiere-Latreille Company obtained an order for the bonding of the sequestration, and subsequently obtained another order setting aside the sequestration altogether. From the latter order the Jennings-Heywood Oil Syndicate prayed for a suspensive appeal to this court. The judge refused the appeal, and the present application to this court followed, which is a prayer for a mandamus to the judge of the district court commanding him to grant a suspensive appeal from the order setting aside the sequestration.
The reason why our learned Brother refused the appeal was that he thought that, inasmuch as the possessory suit had passed out of his court as an effect of the appeal, and gone to the appellate court, he was without jurisdiction to make any order in it; and -that, therefore, his order for the sequestration, which was a mere incidental order in that suit, had been improvidently granted —coram non judice, and hence that there was nothing for him to do but to set it aside, and refuse to take any steps whatever in the appealed suit.
In thus ruling we think our learned Brother was in error. Very true, by appeal a case is transferred from the trial court to the appellate court (Code Prac. art. 575; Ratliff v. Creditors, 14 La. 292; Barrow v. Clack, 45 La. Ann. 478, 12 South. 631; State ex rel. Ribet v. Judge, 27 La. Ann. 684; State ex rel. Railroad Co. v. Judge, 39 La. Ann. 774, 2 South. 390; State ex rel. Forsyth v. Judge, 42 La. Ann. 1109, 8 South. 305; State ex rel. Silverstein v. Judge, 25 La. Ann. 622; State ex rel. Irwin v. Judge, 36 La. Ann. 192; Graham v. Judge, 24 La, Ann. 598; Williams v. Chew, 6 Mart. [N. S.] 464; State v. Judge, 11 La. Ann. 728; City v. Bilgery, 108 La. 191, 32 South. 429), but this does not mean anything more than that after the appeal has been perfected the trial court cannot interfere with it, or do anything that will in the slightest degree alter or affect the matter submitted to the decision of the appellate court; cannot do-anything to, as it were, take the wind out of the sails of the appellate court. It does not mean that in matters coming up after the appeal, and in no wise involved in it, the trial court cannot make orders clearly necessary to afford a remedy where otherwise there would be none.
That the necessity for this sequestration came up after the appeal had been perfected *575 is not deniable. As to there having been any other remedy, no one says that there was; and plainly there was none, since the petitory action cannot be brought pending the possessory (Code Prac. art. 55), and since the appeal bond was for only $150, and was not conditioned for the return of this oil.
But it is said that the effect of the injunction and of the suspensive appeal from the judgment dissolving it was to maintain the possession of plaintiff, and that the sequestration disturbs this possession, and therefore trenches upon the appealed suit.
' The reply is that the sequestration is the act of the court, and that the injunction has no reference to the acts of the court. The defendant was not enjoined from applying to the court for whatever relief the circumstances might call for, and the court was not enjoined from according such relief; hence the injunction is not trenched upon.
Were the court powerless to sequestrate this oil, then our law would be so impotent as not to afford a plain remedy in a plain case. Under the doctrine contended for, if parties are litigating over the possession of a beautiful grove, the pride and glory of a homestead, and the plaintiff has enjoined the defendant as in this ease, and the case has been appealed as in this ease, the plaintiff may through pure vandalism — nay, worse, through mere spite and meanness — proceed to cut down the trees pending the appeal, and the court be powerless to hinder him. The mere statement of such a doctrine is a sufficient refutation of it.
In the eases of Williams v. Duer, 14 La. 531, Fink v. Martin, 10 Rob. 147, and McFarlane v. Richardson, 1 La. Ann. 12, this court recognized the power of the trial court to issue sequestration after appeal.
The learned counsel for the Houssiere-Latreille Company would distinguish those cases on the ground that they involved mortgage rights, and that the Code of Practice, art. 275, makes in favor of mortgage rights an exception to the rule that there cannot be an incidental demand without a principal.
The reasoning of the court in the case of Williams v. Duer does give some countenance to this distinction; but, on the other band,, in the later case of Fink v. Martin, 10 Rob. 147, the court occupied much broader ground. In that case the dissolution of the sequestration was asked because “the judgment rendered by the district court had been appealed from, and all its effects had been suspended by the suspensive appeal.” This court said;
“It is true, as a general rule, that the jurisdiction of the appellate court attaches as soon as the appeal bond is filed; and that the court of the first instance has no longer authority to take any steps in the case, except such as are necessary to transmit the record to the superior court. But as we held in the case first above quoted, we are not ready to decide that the original demand is so entirely and definitively out of the control and jxxrisdiction of the lower court as to preclude the judge thereof from granting any provisional or conservatory order, so .as to secure the ultimate execution of the judgment to be rendered in the appellate court.”
The court added:
“Here the sequestration which was granted had nothing to do with the merits of the principal action. It was a mere conservatory measure which was resorted to to secure the preservation and exercise of the right claimed by the plaintiff in the original suit; and, although an appeal bond was furnished by the defendant and appellant, so as to operate as a suspensive appeal, which bond the judge a quo appears to consider as the only security to which the plaintiff is legally entitled, we are not prepared to say that the appellee should be deprived of his remedy on the property itself, subject to his alleged lien, and that such remedy should not be I'esorted to befox’e exercising his recourse against the surety on said appeal bond, in case the jxxdgment appealed from should be maintained and the order would be executed. * * * Again, the proceedings had to obtain the sequestx'ation have .no reference to and do not touch in any way the merits of the original controversy, and we think that they should have been maintained below until the final decision of the suit now pending on appeal before this court.”
In McFarlane v. Richardson, 1 La. Ann. 12, this court said:
“A sequestration may be obtained from the court of the first instance in the cases in which it is allowed by law, though the suit be pend *577 ing on appeal in the Supreme Court. Code Prac. arts. 275, 276.”
In Wright v. Rousselle, 6 La. Ann. 73, this court said:
“On principle we would be at a loss for any reason by which the right of the creditor to exercise any legal remedy for the recovery of his debt could be held to be suspended by an appeal on a matter purely incidental, and not inconsistent with the remedy which he seeks to enforce.”
A very complete and satisfactory- statement of the views of the common-law courts on this subject is to be found in Cyc. vol. 2, p. 978.
The distinguished counsel for the Houssiere-Latreille Company have submitted ah elaborate and very able brief in justification of the course of the trial judge. Their first reliance is upon the supposed want of jurisdiction of the trial court because of the case having passed to the appellate court as an effect of the appeal. That ground has been hereinabove discussed and passed on. Next, they argue that the right claimed by the Jennings-Hey wood Syndicate is not one which the writ of sequestration can aid and enforce; that the only right which the Jennings-Heywood Syndicate can or does claim under its oil and mineral lease is that of establishing works upon the land for the purpose of taking the oil and of appropriating it after it is extracted; that this right is not one of ownership, and does not give rise to a privilege upon either the land or the oil; that, if it be conceded that the Houssiere-Latreille Company is violating the oil mineral • lease, such breach of contract can only give' rise to an action in damages; that if A. agrees to lease his plantation to B. for the cultivation of a crop, but fails to do so, and instead makes a crop on it himself, B. does not have a lien upon the crop, and is not owner of it, and cannot sequester it.
Counsel next argue that to maintain the sequestration, which could only be based on ownership of the oil, would be to enforce specifically the lease; and that this would be to infringe upon the freedom of the individual, a thing courts are loath to do; that, “while the courts will decree a specific performance in cases which permit it, they will surely not coerce a litigant, in advance of a decision on the merits, into specifically performing, through the sheriff, under authority of a sequestration, a contract which he declares to be void, and which he repudiates.”
The fallacy of this argument lies in the erroneous assumption that the client of counsel is in possession, and the Jennings-Heywood Syndicate out of possession, whereas the fact is that the question of possession is-yet undetermined between the parties. As yet nothing shows that the Jennings-Hey wood Syndicate is not a lessee in possession resisting the attempt of the lessor to oust the possession by means of an injunction. As a matter of course, the lessee may maintain his possession as well against his lessor as. against any other person, and the transferee of the lessor by a transfer made after the registry of the lease stands in no better position than the lessor.
In the case supposed by counsel of the lease of a plantation for the purpose of making a crop, if the lessee is in possession under his lease, and the lessor ousts him, and makes the crop himself, the crop will clearly belong to the lessee. The case is precisely that provided for by article 501 of the Civil Code of a crop made upon the land of another — the crop belongs to the owner of the soil, subject to the obligation on his part of reimbursing the expense of making it. In such a case the lessee in possession is pro hac vice owner, and the lessor and owner is- a trespasser. Of course, it would make no difference whether the lessee were expelled by violence or by means of an unwarranted injunction.
And even as against a lessee not yet gone into possession the argument of counsel is *579 but of doubtful soundness. Under our Code —whatever may obtain under other systems —lease gives rise to something more than to a personal obligation on the part of .the lessor to deliver the property. Article 2015 of the Civil Code speaks of the owner imposing by it upon his land “a real right”; and article 2742 declares that a sale of the property does not affect this right. Therefore, under the scheme of our Code, lease would seem to establish a relation between the lessee and the property itself, entitling him to hold the property itself as against the whole world, to the same extent that the lessor might have done.
The distinguished counsel next say that another reason why this court should not order the reinstatement of the sequestration is that the alleged contract of lease is a nullity, and that the court will be satisfied of this if it will look into the transcript of the appealed possessory suit.
Were the court to pass upon the validity of the lease in the present proceeding, the court would be deciding the possessory suit in advance of its being tried; a thing, evidently, not to be thought of.
The court understands counsel to concede that under the authority of Schwan v. Schwan, 52 La. Ann. 1183, 27 South. 678, the discretion of the trial court to grant or refuse a suspensive appeal from an order setting aside an ex officio sequestration is subject to review by this court in a proper case. If so, the present case is manifestly a proper one.
Lastly, counsel say that one-eighth of the oil belongs admittedly to their client, and that, at any rate, as to this eighth, the dissolving order cannot cause an irreparable injury, and is therefore not appealable; that it is an interlocutory order, and that orders of that character are appealable only when they may cause irreparable injury. Code Prac. art. 566.
The trial judge, after hearing, decided the possessory suit adversely to counsel’s client; thereby holding that, at least for the time being, counsel’s client was not entitled to the possession of the oil field, or to the control of the production of the oil, but only to such rights as were stipulated in its favor in the lease, namely, to obtain the delivery of one-eighth of the oil after it should have been produced. After thus holding, and with all the facts before him, the judge made his order for sequestration embrace not seven-eighths of the oil, but all of it. Afterwards he came to the conclusion that he was without jurisdiction in the premises, and on that ground, and, so far as this court is informed, on that ground solely, he set aside the sequestration. The trial judge has not yet ljeld, and non constat would ever hold, that the sequestration should have issued only for part of the oil, or should be dissolved for part of the oil. Were this court so to hold (as counsel would here have it do), this court would be modifying the order of the trial judge in a manner perhaps at variance with his views, thereby usurping his functions; and, worse still, would be directing the appeal to be granted from an order different from that actually rendered. From the fact that the judge dissolved the sequestration as a whole because he thought he had been without jurisdiction to grant it, it does not follow that he dissolved it for part because he thought that it should have issued only for part, and not for the whole.
Moreover, the effect would be to let the sequestration stand for seven-eighths and be dissolved for one-eighth; so that the sheriff and counsel’s client would be in joint control of the production of the oil — a situation not conforming with the pretensions of either litigant, and which might create complications.
So long as the lease stands, the client of counsel is not the unconditional and absolute owner of one-eighth of the oil, but is only entitled to compel the delivery of this *581 eighth. To conform to this right the order for sequestration would not have to be dissolved, but would have to be so modified as to direct the sheriff to deliver this one-eighth to the lessor in accordance with the lease contract. The defendant in the possessoryaction is doubtless not unwilling that that much should be done, but that is a thing this court has nothing to do with.
The writs of mandamus and prohibition are hereby made peremptory.