(38 South. 458.)

No. 15,477.

JENNINGS–HEYWOOD OIL SYNDICATE v. HOUSSIERE–LATREILLE OIL CO.

(April 24, 1905.)

APPEAL—QUESTIONS REVIEWABLE—SEQUESTRATION—RELEASE.

1. Where the necessity arises after an appeal has been taken, the trial court has jurisdiction to order the sequestration of the property which is the subject of the litigation.

2. Where the district court, upon the basis of conditions subsequently arising, orders the sequestration of property which is the subject of a controversy pending in this court on appeal, it must confine its rulings in connection therewith to those conditions, and cannot decide issues which have been brought up by the appeal. Nor will this court, upon an appeal from such rulings, decide those issues in advance of the hearing of the case in which they are presented.

3. The matter of determining whether a judicial sequestration shall be released on bond, and of fixing or increasing the amount of the bond, is one requiring the exercise of a sound discretion and full information as to the conditions existing at the time, and when the transcript fails to furnish such information the case will be remanded.

(Syllabus by the Court.)

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Conrad De Baillon, Judge.

Action by the Jennings-Heywood Oil Syndicate against the Houssiere-Latreille Oil Company. Judgment for defendant, and plaintiff appeals. Reversed.

Chappuis & Holt and Gilbert L. Dupré, for appellant. D. Caffery & Son, J. Sully Martel, and James L. Dorman (Richardson & Soulé and James Lockhart Autry, of counsel), for appellee.

### Statement of Case.

MONROE, J. The following, by the court, in the matter of State ex rel. Jennings-Heywood Oil Syndicate v. De Baillon, Judge, 113 La. 572, 37 South. 481, will aid in the proper understanding of the issues to be here decided, to wit:

"The Houssiere-Latreille Oil Company brought a possessory action, and coupled with it an injunction to prevent the defendant in the suit, the Jennings-Heywood Oil Syndicate, from trespassing upon or interfering with the property in controversy. * * * The Jennings-Heywood Oil Syndicate answered that it was lawfully in possession of the property under an oil and mineral lease granted by the plaintiff's author, which had been duly recorded before the transfer of the property to the plaintiff. The case came to trial, and was decided against the plaintiff, and the injunc-

tion was dissolved. Plaintiff took a suspensive appeal, which is now pending in this court. The appeal had the effect of maintaining the injunction in full force. After it had been 'perfected, the plaintiff drilled an oil well and 'brought in' an oil gusher on the land. Thereupon the defendant, the Jennings-Heywood Oil Syndicate, filed a suit in the same court, alleging the above facts, and praying that the court ex officio order the judicial sequestration of the oil until the decision of the appealed suit, and the court made an order accordingly. The Houssiere-Latreille Company obtained an order for the bonding of the sequestration, and subsequently obtained another order for the setting aside of the sequestration altogether. From the latter order the Jennings-Heywood Oil Syndicate prayed for a suspensive appeal to this court. The judge refused the appeal, and the present application to this court followed, which is a prayer for a mandamus to the judge of the district court commanding him to grant a suspensive appeal from the order setting aside the sequestration. The reason why our learned Brother refused the appeal was that he thought that, inasmuch as the possessory suit had passed out of his court as an effect of the appeal, and had gone to the appellate court, he was without jurisdiction to make any order in it, and that therefore his order for the sequestration, which was a mere incidental order in that suit, had been improvidently granted coram non judice, and hence that there was nothing for him to do but set it aside, and refuse to take any steps whatever in the appealed suit.

"In this ruling we think our learned Brother was in error. Very true, by appeal a case is transferred from the trial court to the appellate court; * * * but this does not mean anything more than that, after the appeal has been perfected, the trial court cannot interfere with it, or do anything that will in the slightest degree alter or affect the matter submitted to the decision of the appellate court. It does not mean that in matters coming up after the appeal, and in no wise involved in it, the trial court cannot make orders clearly necessary to afford a remedy, where otherwise there would be none.

*    *    *    *    *    *

"The distinguished counsel for the Houssiere-Latreille Company have submitted an elaborate and very able brief in justification of the course of the trial judge. Their first reliance is upon the supposed want of jurisdiction of the trial court because of the case having passed to the appellate court as an effect of the appeal. That ground has been hereinabove discussed and passed on.

*    *    *    *    *    *    ·*    *

"The distinguished counsel next say that another reason why this court should not order the reinstatement of the sequestration is that the alleged contract of lease is a nullity, and that the court will be satisfied of this if it will look into the transcript of the possessory suit.

"Were the court to pass upon the validity of the lease in the present proceeding, the court would be deciding the possessory suit in advance of its being tried; a thing evidently not to be thought of. * * *"

The mandamus was accordingly made peremptory, commanding the judge a quo to grant to the Jennings-Heywood Oil Syndicate a suspensive appeal from the order setting aside the sequestration, and it is the appeal granted in conformity to the judgment so rendered that is now before this court for consideration.

It appears from the record before us that the syndicate (meaning the Jennings-Heywood Oil Syndicate) ruled the company (meaning the Houssiere-Latreille Oil Company) to show cause why the bond given by it for the release of the sequestration should not be increased, and that the company excepted on the ground that the court had been devested of jurisdiction by the appeal granted from the judgment rendered in the main (possessory) action, and upon the same ground urged that the sequestration was void ab initio. The company also, and "with full reservation of the exception to the jurisdiction of the court, and only in the alternative of its being overruled," answered, in substance (1) that the sequestration is improvident, in that it affects all the oil produced from the land in dispute, although one-eighth of it belongs to respondent; (2) that the syndicate has no right of property in the oil, and no privilege thereon; (3) that the record in the main case shows that the syndicate has no title or interest in the land in controversy; (4) that the bond should not be increased whilst the oil remains unsold, but, if the sequestration is to be maintained, should be increased as the proceeds are realized; (5) that, if the bond be increased, the company will be obliged to leave the oil in the hands of the sheriff; and it prays (1) that the sequestration be set aside; or (2) that one-eighth of the oil be released; or (3)

that the bond be not increased until more oil shall have been sold; and (4) that, in case an increased bond be ordered, and not given, that the sheriff be directed to hold the oil, subject to certain rules and conditions, which are specified. Upon the hearing of the rule some testimony was taken as to the quantity and value of the oil on hand and being produced, and there was offered in evidence the record in the main case, with an agreement that the transcript thereof, on file here, should be used in case of appeal. After the hearing was concluded, the matter was considered by the judge a quo in an opinion which concludes in these words:

"It therefore follows that the court has no jurisdiction, and the court was without authority to issue the judicial sequestration. It is therefore ordered that the judicial sequestration issued in this case * * * is hereby dissolved."

And the appeal was denied for the same reason; i. e., that the court was without jurisdiction to make any order in the premises, because the whole subject-matter had been removed to this court by the appeal in the main case.

### Opinion.

Counsel for the appellee contends that this court should now decide all the issues involved, including those brought up by the appeal in the main case, and they invoke Code Prac. art. 905, which reads:

"When the Supreme Court reverses the judgment of an inferior court, it shall pronounce on the case the judgment which the lower court should have rendered, if it be in possession of all the facts and testimony to enable it to pronounce definitively."

Considering the contention and the article together, we inquire, what judgment should the lower court have rendered in the matter which is now before this court? The answer given in the mandamus proceeding, and sufficient for the present purpose, is that the lower court should have maintained its jurisdiction with respect to those matters (arising after, and not brought up by, the appeal in

the main case) which called for the issuance of the writ of sequestration, but that it should not have rendered any judgment which would have impinged upon the jurisdiction acquired by this court as the result of the other appeal; and to this latter view the counsel for the appellee would seem to be irrevocably committed, since it was in sustaining the position taken by them that by the appeal in the main case he had been devested of jurisdiction (not only of the issues decided in that case, but of those which presented themselves after the appeal had been taken) that our learned Brother of the district court ordered the sequestration to be set aside, and denied an appeal from the order so made. The judgment which we are asked to render being, therefore, a judgment which the lower court should not have rendered, is not a judgment such as is contemplated by the law which the counsel have invoked; nor is it a judgment which they can, consistently with their pleadings, ask from this court. Eliminating the issues involved in the main case, there is nothing here left, save the question of jurisdiction, upon which this court can act with safety, or upon which either litigant seems desirous that it should act. The matter of determining whether the sequestration should be released on bond and of fixing or increasing the amount of the bond is one requiring the exercise of a sound discretion, and full information as to the presently existing conditions, and that information the transcript before us does not furnish. Whether, under any circumstances, it would be competent for this court, in the exercise of its appellate jurisdiction, to decide, upon its merits, a case of which the trial judge has declined to entertain jurisdiction, is a question which need not be decided; for, even if we were convinced (and we are not convinced) that such action might be taken, we should not take it in the case now under consideration, and still less should we in-

clude in it a case which has not yet been reached.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this case be remanded to the district court, to be there proceeded with according to law; the appellee to pay the costs of the appeal, and the costs of the district court to await the further action of that tribunal.