PROYOSTY, J.
The plaintiff railroad company having obtained a judgment against the defendant, under the eminent domain power, for the expropriation of a right of way across her plantation, deposited in the hands of the sheriff the amount of the judgment, and then obtained and perfected a suspensive appeal from the judgment. This deposit it made in conformity with article'2634 of the Civil Code, which provides:
“Art. 2634. Any appeal to the Supreme Court from, the verdict of the jury and judgment of the lower court, made by either party, shall not suspend the execution of such judgment, but the payment of the amount of the verdict by the company to the owner, or the deposit thereof subject to the owner’s order, in the hands of the sheriff, shall entitle the corporation to the right, title and estate of the owner in and to the land described in the petition in the same manner as a voluntary conveyance would do. But in the event of any change being made by the final decree in the decision of the cause, the corporation shall be bound to pay the additional assessment^ or be entitled to recover back the surplus paid, as the case may be.”
Defendant demanded of the sheriff that he pay over the deposited money to her, and, on his refusal to do so, took a rule on him in the trial court to show cause why the court should not -order him to do so.
To this rule the sheriff filed an exception, on the ground that, as an effect of the suspensive appeal, the case had passed out of the trial court and gone to the appellate court, and the trial court had no longer jurisdiction over it, and hence could riot make any order in it. This exception having been overruled, the plaintiff company applied to *22 this court for a writ of prohibition against the trial judge and the defendant, forbidding them to proceed any further in the rule; and this application is the matter now to be con-_ sidered.
The application is based on the double ground — first, that the trial court is without jurisdiction to entertain the rule; and, second, that the effect of the suspensive appeal was to suspend the execution of the judgment ; that is to say, to tie up the deposit in the hands of the sheriff until the appeal should have been disposed of.
[1] This second ground involves the merits ■of the rule, upon which the trial court has not yet passed; if at this time and in the present proceeding we were to pass upon it, we should be exercising original jurisdiction —a thing this court is not allowed to do.
[2] The first ground is entirely without merit. It is only of those things involved in the appeal that the trial court is divested of jurisdiction by the appeal. Naturally, not of those things arising subsequently to the appeal (like the present matter), of which no court except itself could possibly have jurisdiction. Jennings-Heywood Oil Syndicate v. De Baillon, Judge, 113 La. 572, 37 South. 481; Jennings Heywood Oil Syndicate v. Houssiere-Latreille Oil Co., 114 La. 573, 38 South. 458; Id., 116 La. 347, 40 South. 727; Jennings-Heywood Oil Syndicate v. Houssiere-Latreille Oil Co., 117 La. 960, 42 South. 467; State ex rel. v. Clarke, 33 La. Ann. 442; Morrison v. Lynch, 36 La. Ann. 612; State ex rel. Fitzpatrick v. Judge, 106 La. 719, 31 South. 313. The decision of this case was delayed mainly by the long illness of the organ of the court.
The rule nisi herein is therefore'recalled, and the application dismissed, at the costs of relator.
BREAUX, C. J., concurs in the decree.