242 So.2d 559 (1970)
257 La. 404
James E. WALKER et al.
v.
William JONES et al.
No. 50429.
Supreme Court of Louisiana.
December 14, 1970.
Dissenting Opinion December 16, 1970.
Rehearing Denied January 18, 1971.
*560 Philip K. Jones, D. Ross Banister, Norman L. Sisson, Burton, Roberts & Ward, Charles Wm. Roberts, Baton Rouge, for defendant-appellant-applicant.
Zelden & Zelden, Max Zelden, New Orleans, for defendant-appellee-respondent.
SUMMERS, Justice.
About four o'clock on the morning of August 29, 1962 Golda F. Walker was driving a 1955 Plymouth automobile in a southerly direction on U.S. Highway 61. When she reached a point approximately 9.1 miles north of Baton Rouge, she collided with the Chevrolet automobile of William Jones who approached the point of collision from the opposite direction on that same highway.
The automobile driven by Golda F. Walker belonged to James E. Walker, her husband, who was seated at her side at the time. Their two children James C. Walker and Alicia Walker occupied the rear seat. William Jones had one passenger, Luvenia Hudson.
At the point in the highway where the collision occurred, it is a four lane divided highway to the north and a two lane highway to the south. Where the two lane highway meets the four lane highway a pronounced right turn is required of vehicles approaching from the south in order to reach the two northbound lanes of the four lane portion of the highway. A macadam median strip about four inches high, dividing the two northbound lanes from the two southbound lanes of the four lane highway is constructed in such a manner that it creates an obstruction in the right or northbound lane of the two lane road. Vehicles approaching from the south are thus compelled to turn sharply to the right to reach the northbound lanes of the four lane portion of the highway.
As William Jones approached this obstruction, headed north in his lane of travel, he struck the macadam median and was propelled to the left into the southbound lanes of the four lane portion of the highway, where he came to rest. Almost immediately thereafter he was struck by the southbound automobile driven by Golda Walker. As the vehicles collided they were both struck by a truck which sped away from the scene. The truck and its driver were never located. As a result, *561 Luvenia Hudson was killed and the other occupants of both cars received personal injuries. Both automobiles were badly damaged.
Suit was filed by James E. Walker for himself and his children and by Golda F. Walker, his wife, for personal injuries, pain and suffering, medical expense, loss of earnings and property damage against the State of Louisiana through the Department of Highways, William Jones and the unknown driver and owner of the truck seeking judgment in solido against these defendants.
William Jones answered, denying liability for the injuries and damage. In a third party petition he alleged there were no highway markers warning vehicles traveling north at this point of the hazardous condition or instructing them to turn to the right; he was blinded by the bright lights of the oncoming car, and the Walker automobile should have stopped when they saw his vehicle in their path. On the basis of these facts, he alleged that the accident was caused by the concurrent negligence of the Department of Highways, Golda F. Walker and her husband James E. Walker.
Government Employees Insurance Company intervened as the subrogee of the Walkers to whom it had paid substantial sums under the uninsured motorist coverage of the policy it issued.
The Highway Department answered both the original petition of the Walkers and the third party action of Jones, denying all liability and alleging the contributory negligence of the Walkers and Jones.
After trial the judge a quo assigned written reasons for judgment on October 4, 1967 in which he found the Walkers and Jones free of negligence and decreed the Department of Highways at fault for not maintaining proper safeguards and warnings for motorists at the location of the collision. This fault was found to be the sole cause of the collision and damage. An award was made in favor of the Walkers and in favor of Jones against the Department. The claim of the Walkers against Jones and Jones' claim against the Walkers were dismissed. The intervention of Government Employees Insurance Company was allowed.
Nine days after the trial judge handed down his reasons for judgment, he signed a formal judgment on October 13, 1967 in favor of the Walkers against the Department of Highways. On October 16, 1967, the Department appealed suspensively from the judgment of October 13. Then on January 11, 1968, Jones moved for and was granted a devolutive appeal from this judgment.
In the meantime, on October 27, 1967, the trial judge signed a formal judgment awarding recovery to Jones as third party plaintiff against the Department as third party defendant on Jones' third party action. The third party action was also dismissed against the Walkers. No appeal was ever taken by the Department from this latter judgment.
When the appeal from the judgment in favor of the Walkers against the Department was lodged, it was dismissed as abandoned; for when the case was called for argument during the Court's session, no personal appearance was made on behalf of the Department. 212 So.2d 852. When the Department applied here for review, we granted writs, 252 La. 703, 213 So.2d 43, set aside and annulled the dismissal and remanded the case to the Court of Appeal for disposal of the appeal on its merits. 253 La. 908, 221 So.2d 44.
In consideration of the appeal on its merits, the Court of Appeal first found that Jones' appeal from the judgment of October 13, 1967 in favor of the Walkers against the Department was untimely. The appellate court found, however, that the trial court was authorized to sign the second judgment on October 27, 1967 on Jones' third party action. The Court reasoned that the judgment in favor of Walker on the main demand was a partial judgment, *562 and the trial court retained jurisdiction to adjudicate the remaining issues, citing Article 1915 of the Code of Civil Procedure and McCoy v. Pacific Coast Fire Insurance Co., 248 La. 389, 178 So.2d 761 (1965), as authority for its position. And, since no appeal was taken by the Department from this second judgment in favor of Jones, the judgment had become final.
On the question of fault and the damages claimed, the Court of Appeal affirmed the trial court's finding and the award to the Walkers.
A rehearing was granted in order that the Court might further consider its prior ruling that the first judgment signed by the trial court in favor of the Walkers on October 13, 1967 was a partial judgment under Article 1915 of the Code of Civil Procedure, and that the trial judge retained jurisdiction of Jones' third party demand with authority to sign a separate judgment on that third party demand, despite the intervening appeal by the Department from the judgment of October 13, 1967 on the main demand of the Walkers. The Court of Appeal reaffirmed its position on this issue. It also found that, in view of this position on the validity and finality of the third party judgment, it was unnecessary to reconsider the timeliness of Jones' appeal from the judgment of October 13, 1967 on the main demand, but the Court felt constrained to note on this rehearing that it was then conceded that Jones' appeal had been timely. 230 So.2d 851.
The Department applied to this Court for review, and we granted certiorari limited to the contention that the Court of Appeal erred in concluding that the judgment signed on October 13, 1967 was a partial judgment within the meaning of Article 1915 of the Code of Civil Procedure so that the trial judge retained jurisdiction to sign the second judgment on October 27, 1967 after an appeal had been taken on October 16, 1967 from the first judgment. In all other respects the Department's application was denied. 255 La. 803, 233 So.2d 247.
The Department's position is based upon the authority of Article 2088 of the Code of Civil Procedure, which, according to its 1964 amendment in effect at the time, provides:
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal. Thereafter, the trial court has no jurisdiction over these matters except to:
(1) Allow the taking of a deposition, as provided in Article 1437;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party; or
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal. (Emphasis added.)
This article is to be understood to divest the trial court of jurisdiction over the case when the appeal is taken only with respect to those matters which are reviewable under the appeal. Gormley v. Gormley, 161 La. 121, 108 So. 307 (1926); New Orleans *563 Silica Brick Co. v. John Thatcher & Son, 152 La. 649, 94 So. 148 (1922); Yazoo & M.V.R. Co. v. Teissier, 135 La. 19, 64 So. 928 (1914); State ex rel. Jennings-Heywood Oil Syndicate v. DeBaillon, 113 La. 572, 37 So. 481 (1904); State ex rel. Malady v. Judge, 22 La.Ann. 264 (1870); Poeyfarre v. Delor, 7 Mart. (O.S.) 1 (La.1819).
In the Department's appeal from the first judgment based upon the principal action instituted by the Walkers, only the issues posed by that action could be the subject of review on that appeal. And the judgment appealed from dealt solely with the claim of the Walkers, and the intervenor Government Employees Insurance Company, against the Department and Jones; it did not touch upon or adjudicate any of Jones' claims against the Department and the Walkers under his third party action. The trial court was not, therefore, divested of jurisdiction as to Jones' third party action because, in the language of Article 2088, it was not one of the "matters in the case reviewable under the appeal." That is to say, the trial court is divested of jurisdiction in the case only insofar as the parties and issues which are the subject of the judgment appealed from.
The Department also contends that the trial court's action in signing two judgments in this case violates the rule that there should be one final judgment in a case to avoid multiplicity of appeals and piecemeal litigation. But those desirable objectives, if they can be called rules, like so many others in law, are not absolute; they are subject to exceptions under our Code where the rules of joinder are liberal. Thus Article 1915 of the Code of Civil Procedure permits the rendition of partial judgments in these terms:
A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or interveners;
* * * * * *
(4) Renders judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
Except for the vague contention that multiple appeals and piecemeal litigation are reprehensible, we are unable to agree that the signing of multiple judgments in cases involving third party actions is otherwise reprobated. To the contrary, because of the complexity which sometimes attends suits involving incidental demands, separate or partial judgments may often more properly serve orderly adjudication than a single judgment. Thus by Article 1915(1) and 1915(4) partial or separate judgments are authorized and contemplated in more than one situation where third party demands are concerned.
Under the Code of Civil Procedure a demand against a third party is an incidental demand, Article 1031; its petition, Article 1032; exception and motions, Article 1034; and answer, Article 1035 are separately regulated; and the Court may render separate judgments on principal and incidental demands, Articles 1038 and 1915. These latter two articles would seem to imply that the Court should do so only when the matters are separately tried.
However, as here, when the Court after assigning written reasons to support adjudication of both the principal and third party demand, through inadvertence or otherwise, signs a formal judgment disposing of the principal demand without the knowledge or participation of counsel for *564 third party plaintiff, a separate adjudication of the third party demand would not seem to be prohibited in our law, simply because it is not specifically authorized in the Code. The authority of Articles 1038 and 1915 would seem broad enough to permit this separate judgment in this third party demand. McCoy v. Pacific Coast Fire Insurance Co., 248 La. 389, 178 So.2d 761 (1965); Texas Gas Transmission Corp. v. Gagnard, 223 So.2d 233 (La.App. 1969); Meaux v. Hoffpauir, 219 So.2d 551 (La.App.1969), cert. denied, 253 La. 1096, 221 So.2d 522.
The notion that separate judgments are undesirable, because multiple appeals and piecemeal litigation result, has been employed by courts as standards which serve to conserve time and expense for the litigant and the courts; the argument has not been advanced, so far as we can ascertain, to defeat a claim when a court has decided in favor of a litigant, but for some reason has inadvertently failed to incorporate that decision in a proper formal judgment.
Accordingly, we hold that the trial court retained jurisdiction in this matter to sign the judgment in favor of Jones as third party plaintiff against the Department as third party defendant. As no appeal was taken from that judgment, it is final.
Having reached this result, we find it unnecessary to decide Jones' contention that the finding that his appeal from the first judgment was timely makes all other questions moot.
The judgment of the Court of Appeal is affirmed.
BARHAM, Justice (dissenting).
This case as postured before us is a veritable Pandora's Box. For this reason extreme care should be exercised in making disposition of it. That result and that reasoning which would render justice and do the least violence to the law should be sought. It is in the hope of achieving this that I desired the following to be the majority view, and I therefore respectfully dissent.
I make a simplified statement of facts for the purpose of orientation. The Walkers sued Jones and the State for delictual damages. Jones and the State answered denying liability, and Jones made the State and the Walkers third party defendants for his own damages. After a trial of all the issues presented the district court took the matter under advisement. On October 4, 1967, the trial judge filed written reasons for judgment in open court, setting forth that judgment should be rendered and signed in the following respects: The Walkers were to receive a specified money award against the State, and Jones was to receive an award of $18,535.00 against the State. On the same day notices that these reasons for judgment had been filed in open court were mailed to all litigants. On October 13 a judgment was presented, read, signed, and rendered in open court which gave the Walkers their damages against the State and dismissed their claims against Jones, but made no mention of Jones's claim and award. Our record reflects that no notice was given of the signing of this judgment.[1] On October 16 the State moved for an appeal from this judgment of October 13.
*565 On October 27 Jones prepared a judgment which the trial court signed awarding him damages in the amount of $18,535.00 against the State. Notice of that judgment was never given.[2] On January 11, 1968, Jones filed a motion for a devolutive appeal, but from the October 13 judgment, and that appeal was perfected timely by the filing of bond on January 16. The socalled judgment of October 27 in Jones's favor and against the State has never been appealed.
The judgment of October 27 was not before the Court of Appeal and is not before this court. The only matter before either court for consideration was the appeal of the State from the judgment of October 13 and the appeal by Jones from that judgment.
On first hearing on remand from this court the appellate court held Jones's appeal not to be timely. On rehearing, however, his appeal from the October 13 judgment was conceded to be timely filed. These contradictory findings by the Court of Appeal may very well be the basis of the problem that confronts us. On first hearing, having found Jones's appeal untimely but apparently wishing to do justice to Jones, whose award was inadvertently omitted from the judgment of October 13, that court held that the October 13 judgment was only partial, and that therefore the judgment of October 27, which was not before the court, was authorized and valid and had become final since no appeal was taken from it. On rehearing the Court of Appeal did not reevaluate the case in light of its finding that Jones's appeal was timely and that therefore there was a full and complete judgment on October 13 from which he had appealed along with the State. Instead, it held fast to and reaffirmed its first-assumed position and did not consider Jones's appeal from the October 13 judgment, though that was the only matter before it for consideration under which it could grant Jones relief. This is the error of the Court of Appeal.
The Court of Appeal has done violence in two respects to the principle that appeals are favored: First, it has pretermitted entirely a consideration of Jones's timely appeal, and second, it has made a final determination of the State's liability to Jones without a proper review of the judgment which cast the State. The Court of Appeal should have adjudicated the rights of the Walkers, of the State, and of Jones by exercising appellate review over the one judgment before it which presented all of the issues.
The majority here has compounded the error committed by the appellate court. It now joins that court in decreeing the October 27 judgment a valid final judgment as to the parties thereto when that judgment has not been appealed and has never been the subject of appellate review.[3]
We granted writs in this case on the application of the State, which had been cast on appeal for damages in favor of the Walkers and which, by a most unusual means, had also been cast by the Court of Appeal for damages in favor of Jones. The writ application complained of the findings of negligence and liability in some of the assignments of error, but we granted writs only on the assignment which alleged that the Court of Appeal had erred in holding the October 13 judgment to be a partial judgment.
I am sure the majority would contend that we are limited in our review to the issue on which the writ was granted, and I will concede this. The majority may further contend that since Jones has not applied *566 for writs, we cannot review his appeal from the first judgment because such a review would be adverse to the relator. The relator is adversely affected to the fullest extent now, for it has been cast in damages. To merely correct the method of award so that it is made in the proper judgment will not adversely affect the relator.
Further, since this court has recognized that the award to Jones was intended to be part of the first judgment but was inadvertently omitted, and since that defective first judgment is before it for consideration, it is required to take the proper action to remedy the defect. I consider the appeals by the State and by Jones to have brought a full, complete judgment from the trial court to the Court of Appeal. We should either adjudicate, or remand to the Court of Appeal for adjudication, that full and complete judgment which appears to require an amendment to include an award to Jones.
If we had under consideration the identical factual circumstances without the judgment of October 27, it is inconceivable that the Court of Appeal, or this court, would have refused to consider Jones's appeal from the October 13 judgment and would not have ordered that judgment amended to include his award. Why, then, should the existence of the October 27 judgment, the validity of which became moot by the filing of an appeal by Jones from the October 13 judgment, result in a different disposition of the case?
We have pretermitted a consideration of the obvious legal and just conclusion of this suit in order to consider a matter which I believe is not before us. In fact, if my reasoning has merit, the majority opinion is entirely dictum. When all the parties to a judgment are before the Court of Appeal and all the issues presented in the trial court are before the Court of Appeal under the appeals from that judgment, how can it be said that such a judgment is a partial judgment? This court has refused to consider an appeal timely filed, has refused to give review by adjudication, and has attempted to review a judgment not before it.
After stating that Articles 1038 and 1915 "* * * would seem to imply that the Court should do so [render separate judgments on principal and incidental demands] only when the matters are separately tried", the majority then disregards this legislative implication to do equity in the instant case. It is obvious from a reading of the last two paragraphs of the majority's opinion that it has made a very limited holding which applies only to the particular facts of this case. It has held that when the trial judge has decided in favor of a litigant in an incidental demand but through inadvertence or error that demand is not disposed of in the signed original judgment, a supplemental judgment may be signed to give the litigant relief. That holding is entirely unnecessary under the facts of this case. This court should amend, or remand to the Court of Appeal for amendment, the judgment which is before it so that it may fully and completely reflect the intendment of the trial court.
The majority has obviously written for justice and equity on a case basis, and has not laid down a principle of law for future use. I regret that it has made an unnecessary interpretation of codal provisions which may be the basis for the wrenching, contorting, and manipulating of the Code in future litigation. There is, in my opinion, a sound, legal solution which does not require the strained interpretation and application of the law to which the majority has resorted.
Rehearing denied.
BARHAM, J., dissents from denial of rehearing.
NOTES
[1] As previously noted, this matter was taken under advisement by the trial court, and in such cases it is required by Code of Civil Procedure Article 1913 that notice of judgment be given. The notice required is "of the signing of a final judgment therein", and the article requires that it shall be mailed by the clerk. Mailing of the reasons for judgment does not satisfy this requirement. Article 1974 provides that the three-day delay for applying for a new trial shall not commence to run until the day upon which the clerk has mailed or the sheriff has served the notice of judgment required by Article 1913. Notice of the October 13 judgment has been waived by the State since it moved for an appeal and by Jones since he, too, timely moved for an appeal. However, our record is devoid of any evidence that the State has waived the required notice of the judgment of October 27.
[2] See Footnote 1.
[3] On the face of our record it appears that notice of the judgment of October 27 has never been given to the State. See Footnote 1. In my view not only was it error for the court to examine the validity of the October 27 judgment, but it was grave error to hold that judgment final when in fact it may still be appealable. "Final" is used here as being synonymous with "executory".