(38 South. 32.)

No. 15,195.

FRIEDRICHS v. NEW ORLEANS BELT & TERMINAL CO.*

(Jan. 4, 1905.)

EMINENT DOMAIN—RAILROAD THROUGH STATE LAND—SALE—RIGHTS OF PURCHASER.

    Under Act No. 84, p. 106, of 1882, "any person, company, or corporation" is authorized to build a railroad through land belonging to the state. When, therefore, as in this case, a plaintiff alleges that he bought certain land from the state, and that prior to the date of his purchase a railroad company had built a railroad through the same without compensating the owner, and he prays judgment in his favor for an amount representing the value of the land used by such company, he discloses no cause of action, and his suit is properly dismissed.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by George G. Friedrichs against the New Orleans Belt & Terminal Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Carl Converse Friedrichs and Branch Knox Miller, for appellant. Farrar, Jonas & Kruttschnitt, for appellee.

Statement.

MONROE, J. Plaintiff alleges that he is the owner of a tract of land, lying in the rear of the inhabited portion of the city of New Orleans, which he purchased in 1902

*Rehearing denied February 27, 1905.

from the state of Louisiana; that although, in some of the deeds executed by the State Auditor by which he acquired the property, it "is described as certain squares of ground bounded by streets, there are in fact no such streets," or any streets, on said property, or on any land adjacent thereto; that in 1895 the New Orleans & Western Railroad Company built a railroad through said land, and used therefor an embankment which belonged to the then owners, and that said road was subsequently acquired by the defendant company, which, by reason of said purchase, as also by express assumpsit, became liable for the debts and obligations of its author; that neither defendant nor its author ever obtained the consent of the owners of said land to build said road or use said embankment, and neither did they, or either of them, expropriate the right of way, nor did they or either of them, compensate the owners for the use thus made of their property; and that petitioner, by virtue of his acquisition of the title to said property as aforesaid, is entitled to recover of the defendant, by way of such compensation, the sum of $6,500, with interest, for which amount he prays judgment. Defendant, by way of exception, avers that the petition discloses no cause of action, and that the demand is barred by the prescription of one and two years. The exception mentioned having been sustained upon the ground first stated, and the suit dismissed, the plaintiff has appealed.

Opinion.

If the land in question belonged to the state and was susceptible of such use, defendant's author was authorized by Act No. 84, p. 106, of 1882, to build a railroad through it, since that act reads:

"Be it enacted * * *: That any person, company, or corporation, desiring to build, or extend, a railroad in this state, shall have the right of way, not exceeding two hundred feet in width, over any land, belonging to the state, through which said road, or any branch, tap, or

extension thereof, may pass, for the purpose of constructing, maintaining and running any railroad, tap, branch, or extension thereof which may be, hereafter, built in the state."

State et al. v. N. O. City & Lake R. R. Co., 104 La. 685, 29 South. 312.

It is said in argument that the land here in question had been adjudicated to the state for taxes, and that the policy and the rule declared by the statute quoted have no application to property so acquired. There is, however, no such allegation in the petition, in which the plaintiff merely alleges that he bought the property from the state of Louisiana, and asserts no other right than such as he may have acquired from the only author mentioned or indicated by him. Under these circumstances, and without considering the other grounds upon which the judge a quo acted, we are of opinion that the judgment appealed from is correct, and it is accordingly

Affirmed.