BREAUX, O. J.
Plaintiffs’ action is possessory. They asked to be quieted in their asserted possession. They wish an order to compel the defendants to take away oil derricks on lands claimed by plaintiffs.
In connection with their suit they obtained an injunction to forbid defendants from trespassing.
Defendants and appellees controvert plaintiffs’ allegations, except those they admit in their answer. They invoke a right of possession under their lease. They hold under S. *68 A. Spencer & Co. as lessors, and lie (the latter — Spencer) from Arthur Lattreille as lessor under act of lease dated April 19, 1901, which is the act before us for consideration as to its legality.
The term of this lease is 10 years. The consideration is $1, which the act of lease declares has been paid, and the further consideration of the one-eighth part of the oil produced arid one-eighth part of the gas, and the stipulation that the lessee should begin to explore the land for oil within six months, or, in the event of his failure, to pay rent at the rate of $50 a quarter of the year in advance. The agreement was that this rent should be paid until a well is completed.
There is no express forfeiture clause inserted in the lease for the benefit of the lessor. With reference to the lessee the lease provides that, should he at any time determine to cancel and surrender the lease, he is at liberty so to do upon the payment of $100.
Three of these quarterly payments of $50 each were made to and accepted by the lessor without objection. .There were some delays thereafter in payment of rent, or in offering to pay same.
The foregoing are the facts in the case in so far as they are material to the issues in controversy.
Whatever may be the result of the discussion in the end, we are confident that the contract is not an absolute nullity. A contract having the appearance of being real may create a condition which the courts are not at liberty to disregard. . Here, to say the least, the contract has the appearance of reality.
There are rights and equities growing out of such a contract of which no account can well be taken if the contract is treated as an absolute nullity.
But plaintiffs have elected to treat the contract as an absolute nullity. They meet with difficulty at every step in their endeavor to sustain their contention.
It is not illegal, for it is not against public policy or morals, nor does it contain any condition on its face rendering it null, or conferring on plaintiff the right to terminate it.
“Things that are not forbidden by law,‘ may legally become the subject or the motive of the contract.” Civ. Code, art. 1764.
The subject and the motive as well as the form of the contract are all legal enough; sufficient, at any rate, to take them out of the category of contracts that are absolutely null. The parties were competent to contract. There is a “thing” and a price. There is no fraud sufficiently shown.
It is a lease to which some legal effect must be given.
True, a' contract may contain stipulations and conditions which relieve one of the parties to it in certain event. In that case the penalty provided is dissolution for noncompliance; as, for instance, if the lease in express terms provides that a breach of the contract shall avoid the lease or forfeit it. There is nothing of the kind here.
The court of Ohio held that a breach of an implied covenant does not forfeit a lease, and is not cause for a court to declare such forfeiture, unless, in express terms, the lease so provides. Harris v. Ohio Oil Co., 48 N. E. 502. (Italics ours.)
We refer to this decision approvingly to the extent that it decides, in effect, that a direct action must be brought to set aside a contract of lease which does not contain, in express terms, a clause authorizing forfeiture. The decision finds some support in our own Civil Code, art. 1926, which provides that:
“On the breach of any obligation to do or not to do, the obligee is entitled either to damages, or in cases, which permit it, to a specific performance of the contract, at his option, or he may require the dissolution of the contract, and in all these cases damages may be given where they have accrued.” (Italics ours.)
It follows that the obligees are without.authority to treat the lease as an absolute nullity.
*69 In every case where, as in the case before us, the lessee has bound himself to explore the land for oil or pay rent, the courts have invariably arrived at the conclusion that the contract was not void if the consideration was sufficient.
We have before us three decisions of the Texas Court of Civil Appeals, cited by learned counsel. These decisions were rendered under a different system. We do not review them as authority. They are referred to as proof that the two systems do not greatly differ upon the subject.
In one of these decisions — Roberts and Corley v. McFaddin, Weiss & Kyle, 74 S. W. 105 — the lease expressly contained the forfeiture clause, thereby establishing a difference between it and our ease. The reasoning of the decision sustains the inference that without a forfeiture clause the conclusion would have been different, a fact which strengthens the view that without express words of forfeiture there can be no forfeiture. The lease cannot be ipso facto terminated.
In the second case cited — Guffey Petroleum Co. v. Oliver (Tex. Civ. App.) 79 S. W. 884 —there was no stipulated rental in the contract of lease save and except the portion allowed lessor from contemplated profits for exploring the land for oil. The court decreed that plaintiff had the right to forfeit the lease for want of development; again presenting a different issue from that before us for decision. In our case rental was paid independently of the contract. In the cited case operation under the lease was of the essence, because it presented the only hope of consideration to the lessor. Even in this decision we have not found that it authorized the lessor, without any action whatever on the part of the court, to consider the lease void.
In the third case — National Oil and Pipe Line Co. v. Teal, 67 S. W. 546 — the court in this cited case found that according to the terms of the contract it was left optional forever to the lessee to execute the contract at all. The condition under which the $100 bonus were to be paid held the right in suspense forever. The court in said case said, “They admit of the consideration being withheld absolutely,” without any power on the part of the grantor to insist on performance.
This was in the nature of a perpetual grant held at the will of the vendee, an issue entirely different from the one we have in hand.
Here the lessee, before undertaking to explore lands that had not yet been explored or tested, agreed upon terms and conditions. The following will illustrate the situation. Says the lessee:
“I will drill for oil on your land, provided you lease it to me for ten years. I will pay you fifty dollars a quarter, each year, during the time that I will explore it, and if I find that there is no oil, or that the lease is not profitable I will pay you a hundred dollars, and we will cancel the lease.”
This was accepted by the owner, and the lease signed.
It remains, if this be insufficient consideration, it is no ground for viewing the lease as void and for considering that the lessee is a mere trespasser without the shadow t of a right.
A lessor is without right to put aside his lease and sue to remain in possession on and to be' quieted therein unless it is manifest that the lease is void. Waller v. Cockfield, 111 La. 595, 35 South. 778; Boniel v. Block, 44 La. Ann. 514, 10 South. 869; Beland et al. v. Gebelin, 46 La. Ann. 326, 14 South. 843.
The action is exclusively possessory. Plaintiffs do not pray for judgment for the thing. The prayer of their petition is exclusively for possession and to be quieted in the possession, while, on the other hand, defendants are equally as emphatic in limiting their defense to the right of possession. Plaintiffs do not set up title any. further than necessary to sustain their possessory action, and defendants do not invoke right under the lease any *70 further than necessary for the purpose of possession.
The action being possessory, unless plaintiffs show the absolute nullity of the lease ■they have no ground upon which to stand for ■a judgment.
The fact that the action is possessory ex•cludes the idea of invalidity unless it is absolute, or unless the conditions of the lease so provide. They do not.
The decision of Williams v. Harmanson, 41 •La. Ann. 704, 6 South. 604, is in point, and is particularly applicable to the issues here, both as relates to the prayer of plaintiff’s petition or the prayer of defendant’s answer.
We repeat, the contract is not void and without form. If there is anything about it voidable, it cannot be inquired into in an •action that is strictly possessory.
In a suit, if the lessors wish to avail themselves, as in this case, of their right as owners, and the defendants meet their action by pleading that they are in possession under •a valid lease, and sustain their plea to the extent sufficient to at least show that the lease is not void, the plaintiffs are not then in a position to sustain their possessory action. Plaintiffs, lessees, can establish that the act of lease does not exist, or is void, •and that they are therefore entitled to possession ; but that they have not succeeded in •doing here.
But plaintiffs insist that the contract of lease is absolutely null for want of consideration. We do not see the way clear in any attempt to arrive at such a conclusion.
If there be insufficient consideration, there is not an absolute want of consideration. An amount was agreed upon to be paid by the lessee in a certain event. That amount is not “vile” (to use a French word), and in this •action it cannot very well be decreed insuffi•cient.
The rent may be inconsiderable. We cannot, in view of the issues presented, hold that it is not consideration enough.
Regarding the condition of the lease, it is sufficient to state, as relates to default to pay and tender to pay the fourth installment of the rent, that it was not cause ipso facto for terminating the lease. There was no such condition in the lease. The claim for forfeiture on this ground must fall in this action.
Plaintiffs invoke the clause of the contract in which the lessee reserved the right to dissolve the contract of lease upon payment of the sum of $100. The contention is on their part that this is a potestative condition within the terms of the article of the Civil Code No. 2034.
We have seen that this contract of lease has, to some extent, been executed. Rental has been paid.
Conceding for a moment only, for the purpose of discussion, that the contract of lease contains a potestative condition, it being involved with other terms and conditions of a contract of lease, we are not convinced, that it carries with it the right to ignore this contract of lease altogether. It must not be overlooked that this contract, in the first place, contains all the essentials of an act of lease — the thing, the price, and persons parties to it, who are competent to contract.
It is true that in a subsequent clause of the contract the lessee has reserved certain right to cancel or dissolve the lease.
But it is also true: The first clauses of the contract may have given rise to rights and equities, which, in our view, cannot be annulled or passed over by the effect of the potestative condition in the manner proposed. The lessee cannot be driven to another action to assert his claim, growing out of possible rights and equities. There must be a restitutio in integrum, only possible to be decreed if at all, in a direct action.
The parties chose to provide for a disso *71 lution of the lease, and fixed an amount which would enable the lessees to bring on its dissolution. There was an opportunity offered to explore land for oil — untested land. They, as we gather, foresaw that perhaps the venture would not prove successful, or for some other reason the lessees would find it to their interest not to continue as lessees. In that case the amount was fixed relieving them from the necessity of continuing with the lease.
Here again the amount which may be considered in the light of liquidated damages was not “vile.” It was a consideration. Whether sufficient or insufficient is not a question here for decision, in the view we have taken of the issues.
It occurs to us to mention by way of illustration that a vendor and vendee may fix the amount which the vendee will be held to pay in order to exercise the right of putting an end to the sale and setting aside the contract.
After the sale it would not be possible to treat that contract as an absolute nullity, and to obtain possession without regard to executed conditions. The right written in the contract, even if potestative, is not of itself absolutely fatal to its existence.
The contract is binding to the date that the lessee may choose to exercise the right to put an end to the lease. At least to that date it binds all parties. It is a real existing contract of lease. The asserted potestative condition has not been invoked at all by plaintiff in its petition. The conditions of the lease remain in full force, and are not to be taken as absolute nullities, while the lessee is in possession as tenamt, or continues to discharge his obligation as tenant by paying a stipulated amount.
In all of these cases, whether in matter of sale or lease we take it that it has never been decided that any contract was absolutely vitiated by a condition similar to the one here. •
It devolves upon the courts in a direct action, should it ever arise, to decide whether the amount is sufficient to satisfy the contracted obligation. Before concluding, we will again state, in words different, but to-the same effect as heretofore: The contract is binding beyond all question to the extent that it has been executed, and it cannot be brushed aside and treated as void to the extent that it has not, as yet, been executed.
For reasons assigned the judgment is annulled, avoided, and reversed.
The law and the evidence being in favor of defendants and against plaintiffs, it is ordered, adjudged, and decreed that plaintiffs’' action he dismissed, and their injunction dissolved, at their costs in both courts.
It is further ordered that the reconventional demand for damages be, and the same is-hereby, dismissed as in case of nonsuit, fully reserving the rights of said defendants to sue and recover said damages, if any, in another suit.