LAND, J.
This is an ancillary proceeding to the suit of the defendant company against the plaintiff syndicate, 115 La. 107, reported in 38 South. 932, and following.
For the sake of brevity we shall style one the “company” and the other the “syndicate.”
Pending the appeal in that suit, the district judge, on the petition of the syndicate, ordered a judicial writ of sequestration to issue directing the sheriff to seize all the oil produced from the wells on the tract of land in dispute, and to sell the same in the ordinary course of business, and after deducting operating expenses to deposit the balance of the proceeds in the Bank of Acadia.
The power of the judge to order the issuance of the writ of sequestration pending the suspensive appeal was challenged by the *1056 company, but was affirmed by this court in State ex rel. Syndicate v. Judge, 113 La. 572, 37 South. 481.
The main suit was a possessory action coupled with an injunction against further trespass on the part of the syndicate, which had taken actual possession of a portion of the tract of land by erecting a derrick and boring for oil.
The company claimed title from Latreille by act of sale. The syndicate claimed under an oil lease from the same author anterior in date and duly recorded. The action being purely possessory, the question of title was not involved, and was not considered, except incidentally to show intention and extent of possession.
The suit was decided in the district court in favor of the syndicate, and the company’s action was dismissed, and its injunction was dissolved, at its costs.
The judgment also reserved the syndicate’s rights to sue and recover damages sustained by reason of the injunction. This judgment was practically affirmed on appeal.
After the final decision of the cause on appeal, the company moved to set aside and dismiss the sequestration on the grounds that, the object of the writ being to hold the oil to respond to whatever final judgment might be rendered in the case, and as the judgment rendered did not affect the oil, the sequestration had become functus officio; and on the further ground that, pending the appeal, the syndicate had become plaintiff in a petitory action against the company, and recognized its possession of the property and oil in controversy, and that the sequestration, being merely incidental to the possessory action, now final, but without results in so far as the oil is concerned, should be dissolved. The sheriff opposed the motion to dissolve, on the ground that there was due him a large sum of money for the preservation of the oil seized under the writ of sequestration, and that the said oil should not be delivered to the company until his costs and expenses had been paid.
The motion to dissolve was sustained by the district judge, and the writ of sequestration was set aside at the costs of the syndicate, which appealed, giving bond in the sum of $30,000, the amount fixed by the court.
The oil which was seized was the product of certain wells sunk by lessees of the company after the institution of the main suit.
After causing the sequestration to issue, the syndicate instituted an action against the company and its lessees for the recognition and enforcement of its rights under the provisions of its oil lease, coupled with an injunction restraining them from carrying on any operations whatsoever for the purpose of boring wells for the extraction of oil and gas from the 40 acres of land in dispute.
The syndicate, in its petition in that action, alleged that it had commenced operations on the leased premises and was actually boring a well thereon, when the company sued out a writ of injunction prohibiting the syndicate from prosecuting said work and from entering on said property.
The petition further alleged that the said company, taking advantage of said injunction by which the petitioner was virtually ousted, took possession of the property and through its assigns, agents, aiders, and abettors 'actively engaged in the boring of wells for the purpose of extracting oil, in violation of petitioner’s rights under its lease.
The 'company answered this petition, setting up its title from the common author and alleging that the lease to the syndicate was never legal or binding for various reasons, and, if valid, had expired and lapsed for non-fulfillment of its conditions.
The company further alleged that the syndicate’s trespass upon the premises, its injunction, and “its sequestration of the oil produced on the property in controversy,” had *1058 caused damages to the company in large amounts which the respondent claimed in re-convention. The answer contained the following averment:
“Defendant further avers that all the costs of the possessory action recently decided by the Supreme Court in suit Ño. 15,304 [38 South. 932] of the docket thereof, ought also to be paid as damages herein by the plaintiff, incurred in the prosecution of an unjust claim, now to be considered on its merits.”
Defendant prayed that the plaintiff’s demands be rejected and its suit be dismissed at its cost; further, for judgment in reconvention for §307,500; and, finally, for judgment for the costs in the possessory action as damages.
It therefore appears that, pending the appeal in the first suit, the syndicate invoked the equity powers of the court to render such orders as might be necessary to preserve the property from waste and to prevent the company from converting the oil to its own use. The district judge thereupon ordered a writ of sequestration to issue, as has already been stated.
Subsequently, and also during the pendency of the same appeal, the syndicate instituted a petitory action, so called, for the recognition and enforcement of its alleged rights under the oil lease. The company joined issue on the question of title.
In the sequestration proceeding the syndicate assumed the attitude of a plaintiff as shown by the title of action. This was an ancillary proceeding to preserve the property for the benefit of all parties in interest, and may be likened to the appointment of a receiver.
The question whether this judicial sequestration was rightfully issued was not before the Supreme Court, and therefore was not adjudicated. Nor do we think that the dissolution of the sequestration is a necessary legal result of the judgment rendered on appeal.
We held that the action was purely possessory and involved no question of title, but, as counsel on both sides had voluntarily submitted the issue as to whether the oil lease to the syndicate was a nullity on its face, we considered that question and ruled that the lease was prima facie valid. On the merits we found as a matter of fact that the syndicate was in possession, under its lease of a portion, of the 40 acres in dispute prior to the institution of the original suit and prior to any actual possession of the premises by the company or its lessees.
The judgment dismissing the suit of the company and dissolving its injunction is conclusive that said company had no possessory rights and had' wrongfully interfered with those of the syndicate. .
The judgment left the syndicate in possession of the tract in controversy, and by necessary implication affirmed its right for the time being to exploit the premises for oil and gas.
The oil which was sequestrated was produced by the lessees of the company pending the appeal.
The syndicate’s right of possession attached to the oil as a product of the soil. The-sequestration should therefore be maintained at the cost of the party cast. Under the terms of the order of court the operating expenses should be deducted from the proceeds of the oil. What properly constitutes costs in such a case need not now be determined.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the writ of sequestration be reinstated as having been properly sued out, and that the Houssiere-Datreille Oil Company pay all' costs occasioned by the isstíance and execution of said writ.
PROVOSTY, J., dissents. NICHODDS, J., absent.