MONROE, J.
Plaintiff (hereinafter called the “Syndicate”) appeals from a judgment dissolving a writ of sequestration issued as ancillary to the suit entitled Houssiere-Latreille Oil Company v. Jennings-Heywood Oil Syndicate, 115 La. 107, 38 South. 032; a judgment dissolving a prior writ so issued having been heretofore reversed. Jennings-Heywood Oil Syndicate v. Houssiere-Latreille Oil Company, 116 La. 1053, 41 South. 255.
The writs in question, though ancillary to the defense of the main action, were issued after the appeal therein had been lodged in this court, and the question here presented is whether, by the silence of the decree in that ease concerning it, the writ involved in the present litigation shall be held to have been improperly issued and to have been dissolved at the cost of the Syndicate, at whose instance it was issued, or whether it shall be held that the meaning and effect of that decree is to recognize the necessity for the issuance of said writ, and to throw the cost of its issuance and execution upon the Houssiere-Latreille Oil Company (otherwise called the “Company”). It seems to us clear that the question, as first propounded, must be answered in the negative, and, as propounded in the alternative, in the affirmative.
The Syndicate had entered into a contract with Latreille, which is, and has been held to be, prima facie valid (Houssiere-Latreille Oil Company v. Jennings-Heywood Oil Syndicate, 115 La. 116, 38 South. 932, on rehearing), and under which it had acquired the exclusive right to drill for oil upon a certain 40-aere tract of land, of which Latreille was the owner, and to possess and use the land for the purposes of such drilling and for the handling of the oil that might be obtained, and also the right to appropriate such oil, less a certain percentage, or royalty, which is to be delivered to the owner of the land, to whom, in other respects, the surface rights are reserved.
In disregard of this contract, Latreille participated in the organization of a corporation (the Company now before the court), and undertook, in payment of his subscription to its capital stock, to convey to it the identical rights which he had conveyed to the Syndicate, and, acting upon that authority, the Company entered upon the land, and at once instituted a possessory action, alleging that it had been in possession for more than a year, and that the" Syndicate was disturbing its possession by the maintenance of a derrick, and praying for an injunction, both prohibitory and mandatory, prohibiting the Syndicate from further occupying the land and commanding it to remove its derrick. Under the protection of the prohibitory injunction, which was issued in limine and was main- *963 tamed by a suspensive appeal from a judgment setting it aside, the Company then proceeded to exploit the land for the oil, to which, upon the face of its contract, the Syndicate was entitled, and, having found, proceeded to appropriate the same, whereupon, at the instance of the Syndicate, the trial judge issued the (first) writ ordering that the oil should be sequestered until the rights of the parties should be determined, and a similar order was made, under which the writ here in question was issued, with regard to the yield of a well subsequently drilled. The sheriff accordingly took possession of the oil should be sequestered until the rights thereafter, on motions filed by tbe Company, in separate proceedings the court dissolved the two writs of sequestration, and ordered that the oil be released to tbe Company, and refused to allow the Syndicate an appeal from the orders so made. Thereupon the Syndicate applied for a mandamus to compel the granting of an appeal (from the order first made), and it was held by this court tliat notwithstanding that the case in which the parties had put their rights with respect to the oil at issue had been appealed to, and was then pending in, this court, the writ of sequestration had been properly issued and ought to be maintained, that the trial court had jurisdiction to issue it, and had jurisdiction to grant an appeal from the judgment dissolving it, and the mandamus was, accordingly, made peremptory. State ex rel. Jennings-Heywod Oil Syndicate v. De Baillon, Judge, 113 La. 572, 37 South. 481. At a subsequent date, in the main possessory action (being tbe only action in which the rights of the parties with respect to the oil was being litigated), it was held that the Company, lacked the necessary possession upon which to predicate a possessory action, and there was judgment for the Syndicate, dismissing said action and dissolving the injunction therein issued, at the cost of the Company. I-Ioussiere-Latreille Oil Oo. v. Jennings-IIeywood Oil Syndicate, 115 La. 116, 126, 131, South. 932. The meaning of the judgments thus rendered by this court was, and is, that the Company has no possessory rights in the 40-acre tract of land in dispute, or in any. oil or gas which may be procured therefrom, which entitle it to interfere with the possession of the Syndicate, and that the sequestration had been properly issued as ancillary (or, to use tbe language of tbe Code of Practice, “to give effect”) to the principal suit, in the sense that it was necessary for the protection of the defendant (Syndicate) and in order to prevent the plaintiff (Company) from appropriating the oil whilst the rights of the parties were being litigated. Under tbe circumstances tbe proposition that the silence of the decree in the principal (possessory) proceeding is to be construed as meaning that the sequestration was thereby dissolved, at the cost of the Syndicate, is wholly untenable, since, if the question of the sequestration had been presented by the tran-' script of appeal in that case, tbe writs would have been maintained. And, in this connection, it may be remarked that it is hardly correct to say that tbe function of a conservatory writ is exhausted when judgment is rendered, or becomes executory, in tbe cause in which it may be issued; for, if that were true, the sheriff, having property in his bauds by virtue of such writ, would be obliged to release it upon the rendition of the judgment or upon its becoming executory, whereas, tbe writ being maintained by that judgment, it is his duty to hold the property until the judgment can be executed, or until its release be otherwise ordered.
The views thus stated are in harmony with those expressed by this court in reversing tbe judgment by which the writ of sequestration first issued was 'set aside, as follows:
“The judgment dismissing the suit of the Company and dissolving its injunction is conclusive that said Company had no possessory rights, and wrongfully interfered with those of the Syndicate. The judgment left the Syndicate in pos *965 session of the tract in controversy, and, by necessary implication, affirmed its right, for the time being, to exploit the premises for oil and gas. The oil which was sequestered was produced by the lessees of the company, pending the appeal. The Syndicate’s right of possession attached to the oil as a product of the soil. The sequestration should, therefore, be maintained, at the cost of the party cast.” Jenni^gs-Heywood Oil Syndicate v. Houssiere-Latreille Oil Co., 116 La. 1053, 41 South. 255.
To the rule taken by the Syndicate, upon the Company, to show cause why the writ of sequestration here in question should not issue, the Syndicate thought proper to make parties certain persons and corporations whom it alleged to be the assigns, agents, aiders, and abettors of the Company, and an answer to the rule was filed on behalf of all the parties thus made defendants. Subsequently the Rex Oil Company, claiming rights under three of the defendants so named, appeared and obtained orders for the release of a portion of the oil on giving bond. The Houssiere-Latreille Oil Company has, however, assumed the burden of the litigation, as sole plaintiff in the possessory action, ■as principal defendant in the application for sequestration, and as sole plaintiff in the rules to dissolve, in which latter it prays that the writs he set aside and that the oil be “restored into the hands of petitioner, from whom it was taken.” If the other parties referred to had any interest to assert in the property seized, the court was open to them. Beyond the applications to bond whjch have been mentioned, they have, however, asserted no interest, though the seizures were made contradictorily with them, and have acquiesced in the assumption of the litigation by the Houssiere-Latreille Oil Company. Under these circumstances, we are unable quite to follow the argument of the counsel for the Company, to the effect that:
“As to the defendants who did not join in the motion to dissolve, it is clear that no judgment at all can be rendered.”
It is said that:
“As to the Houssiere-Latreille Oil Company, the only judgment which the pleadings allow is one granting, or overruling, the motion to dissolve.”
The answer to this is that the judgment provoked by the Company, and from which the Syndicate has appealed, orders that the sequestration be set aside, and that the “plaintiff in sequestration, Jennings-I-Ieywood Oil Syndicate, pay all the costs of the motion and the writ of judicial sequestration”; and we are of opinion that, having reached-the conclusion that the writs should be set aside, the judge a quo properly acted upon the question of costs, as we are equally of the opinion that we should do so in holding that the writs were properly issued and should be maintained, since, in either case, the judgment throws'the costs upon the party east, whether it be so expressed or not. It is said that there is “radical conflict” between the decision of this court in State ex rel. Syndicate v. Judge, 113 La. 635, 37 South. 534, holding that the writ of sequestration was issued, under Code Brae. art. 58, to have effect until the question of “ownership” should be decided, and the decision in Jennings-Heywood Oil Syndicate v. Houssiere-Latreille Oil Company, 116 La. 1053, 41 South. 255, holding that the sequestration is maintained without reference to the question of ownership. This conflict is more apparent than real. It appears, by reference to tbe case first above mentioned, that, pending the appeal whereby the injunction on behalf of the Company was kept in force, the Syndicate obtained a counter injunction in a separate proceeding, which, after hearing upon a rule, was dissolved on bond, and that, a suspensive appeal from the judgment to that effect having been denied, the Syndicate applied to this court for a writ of mandamus to compel the granting of such appeal. In giving its reasons for refusing this application, the court stated, in effect, that the Syndicate was protected by the sequestration, which, under Code Prac. art. 58, the judge might maintain until the question of owner *967 ship should have been decided. It was the evident purpose of the court, however, merely to show that the sequestration would preserve the property until the rights which were put at issue in the pending litigation were determined, and it did not intend to say that in a possessory action, in which the title cannot be put at issue, the property involved may be sequestered until the question of “ownership” shall have been determined. This may, no doubt, be done under Code Prac. art. 274, at the request of one of the parties, or by the court ex officio, but not in a possessory action.
Other points, suggested by the learned counsel, have been fully considered, and our re-examination of the issues involved has served merely to confirm us in the conviction that the conclusions heretofore reached with regard to them are well founded. We repeat what has been said in the opinion last above cited, that, “under the terms of the order of court, the operating expenses should he deducted from the proceeds of the oil. What properly constitute costs in such a case need not, now, be determined.”
It is therefore ordered, adjudged, and decreed that the judgment appealed from he annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the writ of sequestration herein issued be reinstated, as having been properly sued out, and that the Houssiere-Latreille Oil Oompany pay all costs occasioned by the issuance and execution of said writ.