LAND, J.
Petitioners represent: That in April, 1905, they filed their several and separate hills in the Circuit Court of the United States for the Western District of Louisiana against the Jennings-Heywood Oil Syndicate, seeking in each of said hills to remove a cloud from their titles, as transferees of the Houssiere-Latreille Oil Company, to a certain tract of land situated in the parish of Acadia, hoth then and now in their actual physical possession and control, and that the said syndicate on May 16, 1905, entered its appearance in each of said causes, which are still pending in said court. That the cloud upon the title of petitioners sought to be retrieved was a certain so-called oil lease, dated April 19, 1901, between Arthur and Ismerie Latreille and S. A. Spencer, and by him transferred to said syndicate. That all of the mineral rights in said lands covered by said pretended lease were in May, 1903, transferred by the said Arthur Latreille to the Houssiere-Latreille Oil Company. That in March, 1904, the mineral rights in part of said property were transferred to the Texas Company by said Houssiere-Latreille Oil Company, and the mineral rights in part of said property were transferred to the Producers’ Oil Company by the Texas Company in September, 1904. That in and by each of said bills petitioners attack the validity of said lease from Latreille to Spencer as a cloud upon their title, and pray that the same be declared null, and the defendant syndicate be perpetually enjoined from setting up any claims thereunder against your petitioners.
That on October 17, 1904, the said syndicate instituted in the district court for the parish of Acadia a petitory action, based on the aforesaid leáse to Spencer, against the Houssiere-Latreille Oil Company and some of its transferees, averring possession of the property in the defendants. That on July 24, 1905, petitioners were made parties to said action by supplemental petition, -averring possession in petitioners and seeking to recover all the oil produced by them from said premises. That petitioners filed their answers in said suit on November 9, 1905, after trial on the merits between the other parties had begun, and said trial was ordered to proceed without petitioners, all their rights being reserved, which trial ended in a judgment for the plaintiff, which is now on appeal in this court.
That in March, 1907, said cause, as between the plaintiff and petitioners, was called for trial in said court before the Honorable P. S. Pugh, district judge, whereupon petitioners presented an application to remove said cause to the United States Circuit Court for the Western District of Louisiana, which after argument was denied, whereupon petitioners presented to said court a motion to stay said cause until the aforementioned causes in said Circuit Court had been finally disposed of, on the ground that by the filing of said bills, and the service of process, and the appearance of defendant therein, long before the filing of said supplemental petition, the said Circuit Court had acquired full and complete jurisdiction of the controversy between the parties relative to the validity of the lease set up in said petitory action, for the reason that the said bills in equity were proceedings in rem or quasi in rem, and the said state court had no right, jurisdiction, or authority to proceed to try the aforesaid petitory action.
That said motion to stay was, after argument, overruled by said district judge, who ordered the trial to proceed; but, on notice that petitioners would apply to this court for a writ of prohibition, the said cause was continued.
*867 The petition sets forth the reasons assigned by the district judge for overruling the motion to stay further proceedings, and also the reasons urged by the petitioners to show that the said ruling is unsound.
Petitioners prayed that a preliminary writ of prohibition issue, directed to the.district judge and the said plaintiff syndicate, prohibiting and restraining them from proceeding any further in the trial of said petitory action, as far as petitioners are concerned, until said equity causes are finally disposed of in the courts of the United States, and directing them to show cause why the said writ of prohibition should not be made absolute.
The rule issued as prayed for, with the usual restraining order.
The respondent judge has filed his answer to the rule, setting forth the facts of the ease and his reasons in extenso for his actions in the premises. Separating the facts from .the argument, it appears from the answer that in December, 1903, the Houssiere-Latreille Oil Company instituted a possessory action against the Jennings-Heywood Oil Syndicate, setting up possession of the property in controversy in this case, and enjoined the defendant syndicate from operating on said land .for oil. The syndicate had already commenced operations as owners of the lease from Latreille to Spencer of date April 19, 1901. There was judgment below in favor of the syndicate, and the plaintiff oil company appealed. The judgment was affirmed. See 115 La. 107, 38 South. 932. The suit of the oil company was predicated on the theory that the lease of April 19, 1901, was null and void on its face, and therefore might be disregarded, leaving the subsequent lease from Latreille to the oil company in full force and effect. The legal effect of the decision of this court in said case was to maintain the syndicate in possession of the land in dispute under the lease of April 19, I 1901, which was held to be valid on its face.
After the operations of the syndicate had been arrested by the injunction sued out ini said case, the oil company took possession under the cover of the injunction, and through its sublessees, among whom were the present petitioners, began the exploration of the land for oil. The syndicate undertook to stay these operations by injunction, but the court held that a counter injunction would not lie. State ex rel. Syndicate v. Judge, 113 La. 619, 37 South. 534. Pending the appeal in the possessory action, the oil company and its sublessees commenced producing oil. At the instance of the syndicate the court issued a judicial sequestration directing the seizure of the well then in operation by the Producers’ Oil Company, one of the petitioners herein. The entire production of this well, as well as every other well drilled by the petitioners, has been seized and held, and is still held, under writs of sequestration. Subsequently, and still pending the said appeal, another sequestration was issued. Under these sequestrations the entire product of said oil field, except a royalty of one-eighth due to Latreille and assigns under the lease of April 19, 1901, had been taken into the custody of the district court, and is still held under said writs. This court has held that the-said sequestrations properly issued. Syndicate v. Oil Co., 116 La. 1053, 41 South. 255; Id., 117 La. 960, 42 South. 467.
While the possessory action was still pending the petitioners acquired the leases-claimed by them, but did not intervene in said suit, which was conducted by their lessor, the Houssiere-Latreille Oil Company, as the sole plaintiff. Petitioners, however, joined the said plaintiff in bonding the oil produced. The petitory action was instituted in October, 1904, and it was not until April, 1905, that petitioners made an appearance in' court by filing the bills in equity in the United States Circuit Court as already mentioned. *869 Petitioners were made parties to the petitory action in July, 1905, but the subleases under -which they claim were not recorded until October, 1905.
When petitioners were made parties to the petitory action, they filed pleas of lis pen-dens based on their suits in the federal court. These pleas were overruled. Petitioners then filed motions to remove the cause to the federal court, which being overruled, they then filed a motion to stay further proceedings, which met the same fate.
In the petition filed herein it is contended:
(1) That petitioners were not parties to the said possessory action, nor to said sequestrations.
(2) That the possessory action was concluded by the judgment of this court (115 La. 107, 38 South. 932) before the petitioners were made parties to the said petitory action.
(3) That said sequestration was taken of the oil only produced pending the appeal, and has been maintained by the judgment of this court. 116 La. 1054, 41 South. 255.
(4) That said possessory action did not and could not involve any question of title to the premises from which said oil was taken, nor to the oil taken therefrom.
(5) That the ownership of the oil must follow the ownership of the mineral rights of the property.
(6) That the suits brought in the United States court are suits quasi in rem, involving the title to the mineral rights in the property for all time, and only incidentally the question of the ownership of the oil sequestered.
(7) That the decision in 116 La. 1054, 41 South. 255, was only that the syndicate was entitled to the custody of the oil sequestered, and to the possession of the premises as against the parties to the suit.
(8) That there was no such possession by the state court of the subject-matter of the controversy raised by the bills in equity which would give that court exclusive jurisdiction of the question of title to the mineral rights in that portion of the property in question, or to the oil produced therefrom, to the custody of which the syndicate was entitled, claimed by the petitioners in this case, and that said bills in equity, which raised the question of title between the petitioners and the syndicate vested the United States Circuit Court with exclusive jurisdiction to decide such question of title and all incidental questions therein involved.
On March 4, 1907, this court, in the petitory action, so called, entitled “Jennings-Heywood Oil Syndicate v. Houssiere-Latreille Oil Company (No. 16,308)” 44 South. 481,[1] handed down a decree which has not as yet become final, affirming the judgment of the district court in favor of the syndicate on the question of title, and ordering the distribution of the oil sequestered, save that produced by the Texas Company and the Producers’ Oil Company.
On March 27, 1907, the petitioners herein, who had been made parties defendant in the same suit, filed their motion to stay further proceedings.
It therefore appears that the bills in equity were filed in the federal court after the judgment in the possessory action recognizing and maintaining the syndicate in possession of all the mineral rights in the property and of the oil produced therefrom, and after the institution of the petitory action against the Houssiere-Latreille Oil Company, the author of petitioners’ alleged titles. The oil produced by them pendente lite was sequestered, and was released to plaintiff and to petitioners on their joint motion and bond.
In the case between the syndicate and oil company (117 La. 960, 42 South. 467) this court said:
“The Houssiere-Latreille Oil Company has, however, assumed the burden of the litigation as sole plaintiff in the possessory action, as prin *871 cipal defendant in the application for sequestration, and as sole plaintiff in the rules to dissolve, in -which latter it prays that the writs be set aside and that the oil be ‘restored into the hands of the petitioner, from which it was taken.’ ”
If the other parties referred to had any interest to assert in the property seized, the court was open to them. Beyond the applications to bond which have been mentioned; they have, however, asserted no interest, though the seizures were made contradictorily with them, and have acquiesced in the assumption of the litigation by the I-Ioussiere-Latreille Oil Company. Under these circumstances we are unable quite to follow the argument of the counsel for the company to the effect-that:
“As to the'defendants who did not join in the motion to dissolve, it is clear that no judgment .can be rendered.”
Petitioners’ subleases were not recorded, .-and therefore had no effect against third per•sons. Their claims to mineral rights in the -property were not asserted until the bills in -equity were filed in the federal court in April, 1905, and their titles were not recorded until -October of the same year. When said bills were filed the state court had already decided that the lawful possession of the premises and of all the oil produced therefrom -was in the Jennings-Heywood Syndicate, and -.the oil thus produced was in the custody of Jthe state court, It may be added that the «question of the distribution of said oil is mow pending in this court.
\Whén said bills were filed, a petitory action was pending in the state court between the syndicate and the adverse owners of jrecord to test the validity of the oil lease of April 19, 1905.
Under this state of facts the petitioners .’herein attempted to reverse the judgment of the state court on the question of the right <®f possession, and to avoid its decision on the question of title, by filing bills in equity in the federal court, averring actual possession in themselves of a part of the premises, and assailing the title of the syndicate already at issue in the state court.
The question before us is not one of jurisdiction, but one of comity. The issues raised in the federal court had already been raised in the state court between the syndicate and the only adverse owner of record, the author of the title claimed by petitioners herein.
The petitioners’ plea of lis pendens admits that the issues are the same. If the equity suits in the federal court were in rem, or quasi in rem, so was the suit in the state court. The latter was the first filed, and the circumstances that the petitioners were not made parties did not change the character of the action. In neither court was the land seized under process, but in the state court the oil produced therefrom was held under writs of sequestration. Lumber Co. v. Sheriff, 49 La. Ann. 1283, 22 South. 730; 11 Cyc. 1003, 1010.
We see no good and sufficient reasons for staying the suit in the state court, which first exercised its jurisdiction in the premises. The facts in the ease of In re Middle-sex Banking Co. (recently decided) 43 South. 403,[2] were entirely different. In that case the relator had been sued in a state court, and the cause had been removed to the federal court, and judgment therein - rendered. The same plaintiffs renewed the same suit in the state court. The motion to stay was properly granted in said cause. The writer, in concurring, was influenced by the consideration that the right of removal expressly conferred by the federal statute would be nugatory, if the adverse litigant were permitted to reinstitute the same action in the state court.
The exercise of the power to stay suits on the principle of comity between courts of different sovereignties is purely discre *873 tionary, where neither has possession of the res. 11 Cye. 1002.
It is therefore ordered that the restraining order herein issued he recalled, that the rule to show cause be discharged, and that this application be dismissed, with costs.
NICHOLLS, J., concurs in the decree.

 Ante, p. 793.

 118 La. 770.