162 So. 54

SEUFERT et al. v. COMMERCIAL NAT. BANK IN SHREVEPORT et al.

No. 33445.

May 27, 1935.

Lee & Lee, Cook & Cook, and Herold, Cousin & Herold, all of Shreveport, for relators.

Harry V. Booth, Mabry & Carstarphen, and Dickson & Denny, all of Shreveport, for respondents.

BRUNOT, Justice.

On the application of the relator, a writ of certiorari, coupled with a stay order,

issued herein. The respondents, Mrs. Fred Seufert et al., and the judge have filed their returns, but the record has not been sent up for the reason that certified copies of it, together with the minutes of the court, are attached to the relator's application. This matter was submitted after the adjournment of the court, and it is now before us for review.

The defendant national bank is in the course of liquidation. Mrs. Fred Seufert, and others, as the holders and owners of certain shares of stock of the Commercial National Bank of Shreveport, in liquidation, filed a suit in the district court of the parish of Caddo against the said bank and its liquidators, in which they pray for a rule nisi upon the bank and its liquidators to show cause why a writ of mandamus should not issue requiring them to permit the petitioners to examine, and to have the books, papers, etc., of the bank audited. They further pray that, upon trial of the rule, the writ of mandamus be made absolute. The usual rule nisi issued, but, on the return day, and before the hour fixed in the court's order for a hearing on the rule, the bank and its liquidators filed a petition in which they prayed for the removal of the suit from the state court to the United States District Court for the Western District of Louisiana, basing their demand for removal upon the ground that the suit affected the affairs of a national bank that was in the course of liquidation; that it was instituted by stockholders of the bank, and being a controversy arising

under the Constitution and laws of the United States, and involving an interpretation thereof, the United States District Court had original jurisdiction of the suit.

When the petition for removal was filed, the plaintiffs excepted to the removal of the suit upon the ground that the petition therefor did not disclose a right or cause of action. They also filed a plea of estoppel and waiver. The judge held that the state court had jurisdiction of the case, and refused to order it transferred to the United States District Court. A certified copy of the transcript in the case was immediately obtained and filed in the United States District Court for the Western District of Louisiana, and a certificate of the clerk of that court, showing the filing of said transcript in that court, was attached to a motion, which was filed in the state court, in which movers pray for an order staying all proceedings in that court until the United States District Court was given an opportunity to pass upon the jurisdictional question thus presented to it. The motion for an order staying proceedings, as prayed for in said motion, was heard and refused, and, after proper notice given, this application for writs was filed, with the result stated supra.

The respondent Judge Bell, in his return, says that "Judge Robert Roberts had refused to allow this cause to be removed to the Federal Court, and, for that reason, he refused to grant a stay of the proceedings for the following reasons:

"(1) That under the ruling already rendered by this Court, which had not been appealed from, he considered this Court to have jurisdiction of the cause.

"(2) That same was a summary matter and there had already been an order issued by the First Judicial District Court, ordering the case heard on May 8, 1935, at 2:00 o'clock, P. M., and that same was the second time the said order had been issued.

"(3) That under the jurisprudence of this State and especially the case of Jennings-Heywood Syndicate v. Houssiere Latreille Oil Co., 119 La. 864, 44 So. 510, holds that when the question is not one of jurisdiction, but of comity, if the issue raised in the Federal Court has already been raised in the State Court, the Court having jurisdiction first maintains the case, quoting:

"'The exercise of the power to stay suits on the principle of comity between courts of different sovereignties is purely discretionary, where neither has possession of the res.'

"(4) That this Court in overruling the stay of proceedings, took into consideration the fact that the question of the jurisdiction having already been passed upon and that it considered the action brought under the State laws of the State of Louisiana and not under any Federal Constitution or statute.

"(5) Further answering, your respondent shows that on the date on which this

rule was first fixed for hearing, there was pending before Judge Robert Roberts an application to remove this case to the Federal Court, and your respondent refused to hear said rule on the date fixed; awaiting a decision of Judge Roberts on the application to remove; that on the date the motion for a stay of proceeding was presented to this Court, the Court desired, before passing on same, to ascertain whether the Federal Court could pass upon a motion to remand, within a reasonable time, this Court being willing to grant a reasonable stay if that question could be passed on by the Federal Court within a short time. Counsel for defendants were unwilling to have the matter thus handled, and insisted on an immediate decision of the motion for a stay. Under the circumstances, your respondent did not have an opportunity to ascertain the matter set forth, or to make a complete investigation of the subject matter."

If this case presented nothing more than a question of comity between courts, the case of Jennings-Heywood Oil Syndicate v. Houssiere Latreille Oil Co., 119 La. 864, 44 So. 510, would be decisive of the issue, but we understand the issue here to be a question of jurisdiction, pure and simple. The federal statutes, section 41, subsec. 16, title 28 USCA, provide that the United States District Courts shall have original jurisdiction in matters pertaining to the liquidation of the affairs of national banks. We are therefore impressed with the fact that where liquidators of a national bank are sued in a state court, and after complying with all legal rules of procedure,

application is made, by them, to said state court, for a stay of proceedings therein until the United States District Court is given an opportunity to pass upon the question of jurisdiction, they are entitled to and should be accorded that relief. Tomson v. Iowa State Traveling Men's Ass'n, 78 Neb. 400, 110 N. W. 997.

The court was of that opinion when the application for writs was first considered by it, and the returns in the record have not convinced it otherwise. For the reasons stated, the rule nisi is perpetuated, and the writs of mandamus and prohibition are granted, as applied for, pending the decision of the issue here presented, by the United States District Court for the Western District of Louisiana.